UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Griff Baker,

        Plaintiff,

v.

Allstate Financial Services, Inc.,

        Defendant.

Civil No. 07-cv-2579 (JNE/JJG)

**REPORT AND RECOMMENDATION**

---

This matter is before the Court on Defendant Allstate Financial Services, Inc.'s ("Allstate") Fed. R. Civ. P. 12(b)(6) motion to dismiss.[1] The motion has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. *See* Doc. No. 27. For the reasons set forth below, the Court recommends that Allstate's motion be granted in part and denied in part as set forth below.

**I.  BACKGROUND**

    **A.  General**

This matter arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. Plaintiff Griff Baker ("Baker") alleges that five telephone messages left by Allstate representatives violated various FDCPA provisions.

Baker lives in Minneapolis, Minnesota. *Complaint*, ¶ 3. He allegedly incurred a consumer debt within the meaning of the FDCPA prior to March 2007. *Id.* at ¶ 5. The alleged

---

[1] Allstate's original motion to dismiss cited insufficient service of process (Rule 12(b)(5)), lack of personal jurisdiction (Rule 12(b)(2)), and improper venue (Rule 12(b)(3)), as additional grounds for dismissal. Allstate has since withdrawn these bases for its motion, leaving only the Rule 12(b)(6) issue. *See* Doc. No. 28.

delinquent account was transferred, assigned, or sold to Allstate. *Id.* at ¶ 6. Allstate is a collection agency with its principal place of business in Las Vegas, Nevada. *Id.* at ¶ 4. Baker alleges that Allstate is a debt collector within the meaning of the FDCPA. *Id.*

Baker filed his suit on June 4, 2007, as a putative class action on behalf of "all Minnesota consumers from whom Defendants [sic] attempted to collect consumer debts using the same or similar form collection telephone messages left for Plaintiff." *Id.* at ¶ 19. The alleged class period beings one year prior to the filing of Baker's complaint. *Id.*

    **B.**    **The Voicemail Messages**

Allstate left five phone messages on Baker's answering machine during March and April 2007. Each message is set forth below:

- [March 2007] This very important message is being left for Griff Baker. My name is April. I'm calling from Allstate's corporate office and my call today is in reference to case number 3434109. If I could possibly speak with you in regards to this case by 5:30 pm Eastern today. This toll-free number is 1-866-548-1877. It is very urgent that you give us a call prior to 4:30 as this matter has become time sensitive. And we must proceed with or without further complications. Again the number here is 1-866-548-1877.

- [March 2007] This message is for Griff Baker. This is Mike Reed calling you from the corporate office of the [sic] Allstate regarding a matter pending in the State of Minnesota we need to speak to you about. Reach me toll free at 1-866-508-1877. Return my call please refer to file number 3434109. That's 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.

- [April 3, 2007] This [m]essage is for Griff Baker, my name is Jerry Stevens from Allstate. Give me a call 1-866-508-1877 my extension, 1509. Sir give me a call, we've received documentation and it is very important that you do call me back. Refer to your case number 3434109[.] Thank you.

- [April 2007] This urgent message is being left for Griff Baker. My name is Nate Jones and I am calling in reference to case number 343410-9. This matter is currently pending in the State of Minnesota. If you'd like to address the situation you can do so returning my call toll free at 866-508-1877, ask to speak to Nate Jones and refer to your case number.

- [April 2007] This very important message is for Griff Baker, my name is Jerry Stevens from Allstate. Give me a call 1-866-508-1877 my extension is 1509. Sir give me a call we've received documentation and it is very important that you do call me back. Extension 1509, refer to your case number 3434109[.] Thank you.

*Id.* at ¶¶ 8, 9, 11, 14, 16.

## II.   ANALYSIS

Baker's Complaint alleges that Allstate's voicemails violate three primary provisions of the FDCPA:  1) 15 U.S.C. § 1692d; 2) 15 U.S.C. § 1692e; and 3) 15 U.S.C. § 1692f.  Allstate argues that Baker's allegations should be dismissed as a matter of law because its voicemails contained proper FDCPA disclosures and did not use misleading or abusive language.

### A.   **Legal Standard**

When considering a motion to dismiss, a court construes the pleadings in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. *Hamm v. Groose*, 15 F.3d 110, 112 (8th Cir. 1994).  "A motion to dismiss should be granted as a practical matter ... only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).  However, to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --U.S.--, 127 S.Ct. 1955, 1974 (2007).

When deciding a Rule 12(b)(6) motion to dismiss, a court may consider the complaint and exhibits attached thereto, matters of public record, orders, and materials embraced by the complaint.  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

### B.   **FDCPA's Purpose**

In enacting the FDCPA, Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

3

The FDCPA's purpose is "to eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 318-319 (8th Cir. 2004) (quoting 15 U.S.C. § 1692(e)).

### C. Section 1692d

#### 1. Section 1692d(6) - Meaningful Disclosure of Identity

Baker argues that each of the five messages at issue violates Section 1692d(6)'s meaningful disclosure requirements. Section 1692d provides, in relevant part, that:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: … (6) Except as provided in section 1692b of this title, the placement of telephone calls *without meaningful disclosure of the caller's identity.*

(emphasis supplied).

In four of the five messages, the caller identified himself by name and stated that he was calling from "Allstate." In one of the messages (the one from Nate Jones), the caller simply gave his name, but did not state that he was calling from Allstate.

Baker appears to argue that the "meaningful disclosure" contemplated by Section 1692d(6) required Allstate's debt collectors to disclose their identity, Allstate's identity, and the nature of Allstate's business when leaving their voicemails for him. Allstate does not directly dispute this, but instead argues that a debt collection letter it allegedly sent to Baker prior to the voicemail messages notified Baker of the nature of its business. It also argues that it cannot identify the nature of its business in a voicemail message due to third party disclosure concerns under the FDCPA.

4

As a threshold matter, Section 1692d(6) applies to a debt collector's voicemails. The statute generally prohibits harassing, oppressive or abusive "conduct," and subdivision (6) prohibits the "placement of telephone calls" without meaningful disclosure. Allstate's voicemails constituted "conduct" and the "placement of telephone calls" within this Section. *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005); *Leyse v. Corporate Collection Srvcs., Inc.*, No. 03 Civ. 8491 (DAB), 2006 WL 2708451, *4 (S.D.N.Y. Sep. 18, 2006). *See also Knoll v. Allied Interstate, Inc.*, 502 F. Supp. 2d 943, 946 (D. Minn. 2007) (noting that Section 1692d(6) applies to voicemail messages in the context of addressing its applicability to caller identification devices).[2] Allstate does not argue otherwise.

Baker states a claim that the five messages at issue violated Section 1692d(6). The relatively few courts construing Section 1692d(6) in similar contexts have uniformly held that it requires a debt collector to disclose the caller's name,[3] the debt collection company's name, and the nature of the debt collector's business. *Costa v. Nat'l Action Fin. Srvcs.*, Civ. No. S-05-2084 FCD/KJM, 2007 WL 4526510, *4 (E.D. Cal. Dec. 19, 2007) (slip copy) (granting summary judgment to plaintiff under Section 1692d(6) where defendant failed to disclose its identity as a debt collector and nature of call); *Knoll*, 502 F. Supp. 2d at 946 (reviewing answering machine

---

[2] Allstate has also not contended that it was attempting to acquire location information under 15 U.S.C. § 1692b when it placed the five voicemails. Thus, Section 1692d(6)'s exception for such communications is inapplicable.

[3] Courts have generally held that a debt collector's use of an alias or "desk name" comports with Section 1692d(6), provided the additional information that Section requires is also disclosed. *E.g.*, *Knoll*, 502 F. Supp. 2d at 946 (§ 1692d(6) does not prohibit a debt collection agency employee from using an alias during a telephone call, as long as the employee accurately discloses the name of the debt collection agency and explains the nature of its business); *Wright*, 548 F. Supp. at 597 ("The court agrees with the defendants that the use of a desk name is not a violation of this section."). *But see Leyse,* 2006 WL 2708451 at *4 (denying debt collector summary judgment on Section 1692d(6) claim where debt collector's aliases not shown to be traceable to specific employees). The record here does not reflect whether the callers used aliases.

5

message disclosure requirements in context of applying 1692d(6) to caller identification devices); *Hosseinzadeh*, 387 F. Supp. 2d at 1112 ("defendant violated 1692d(6) when its employees failed to disclose defendant's identity and the nature of defendant's business in the messages left on plaintiff's answering machine"); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 597 (N.D. Ga. 1982) ("the meaningful disclosure required by section 1692d(6) has been made if an individual debt collector who is employed by a debt collection company accurately discloses the name of her employer and the nature of her business and conceals no more than her real name").[4]

In four of Allstate's messages to Baker, its representatives identified themselves by name and stated that they were calling from "Allstate" or "Allstate's corporate office." These messages did not include, however, any indication of the nature of Allstate's business. In the remaining message, the one from Nate Jones, neither Allstate's corporate name nor the nature of its business was given. Thus, Baker states a claim under 15 U.S.C. § 1692d(b) with respect to all five messages.

Allstate's argument that Baker was alerted to the nature of its business from a prior debt collection letter sent to him is not cognizable on a motion to dismiss. Its argument hinges on a letter it asserts it sent to Baker prior to its voicemails to him. It argues that this letter contained a reference number, and that it subsequently referred Baker to this reference number each time it left him a voicemail message. Allstate urges that the initial letter, plus the reference number, were enough to notify Baker that it was leaving voicemails about a debt collection matter.

---

[4] In each of these cases, the debt collector used an alias. It is unclear at this juncture whether the Allstate representatives used aliases. In this procedural posture, the Court views all inferences from the Complaint in Baker's favor. It, therefore, construes his allegations under the above case law. The Court does not address the applicability of these cases to a Section 1692d(6) claim where the debt collector disclosed her real name.

The letter underlying Allstate's argument is not embraced by the pleadings. The Complaint does not allude to such a letter in any way, and Allstate did not file an Answer, but rather moved to dismiss. The Court, therefore, cannot consider it on a motion to dismiss. *Porous Media Corp.*, 186 F.3d at 1079.

Additionally, Allstate's argument that it could not disclose the nature of its business in voicemail message due to privacy concerns is unavailing at this early stage. Allstate cites 15 U.S.C. § 1692c(b) prohibiting debt collectors from communicating with third parties in connection with the collection of a debt. It argues that such prohibited communication could occur inadvertently if it leaves a voicemail message disclosing the nature of its business. This argument has been repeatedly rejected in the context of debt collector messages left on a consumer's home voicemail. *Costa*, 2007 WL 4526510 at *5; *Hosseinzadeh*, 387 F. Supp. 2d at 1112; *Joseph v. J.J. Mac Intyre Cos., L.L.C.*, 281 F. Supp. 2d 1156, 1165 (N.D. Cal. 2003); *Leyse*, 2006 WL 2708451 at *5. Here, the Complaint does not indicate whether Allstate left the voicemails at Baker's residence or elsewhere. Viewing the Complaint most favorably to Baker, the Court finds the privacy argument an insufficient basis for dismissal of the Section 1692d(6) claim at this juncture.

### 2. Section 1692d Generally - Harassment, Oppression, and Abuse

Baker also argues that three of Allstate's voicemails violated Section 1692d's general prohibition against harassing, oppressive, or abusive behavior in connection with debt collection.[5] Baker contends that the messages from Nate and Mike referencing a "matter pending in the State of Minnesota" falsely implied that a legal case was pending against him in

---

[5] Section 1692d explicitly provides that its general prohibition against harassing conduct is not limited by the specific examples contained in the statute.

7

Minnesota and were, therefore, harassing, oppressive and abusive. He contends that April's voicemail similarly falsely implied legal action.

The FDCPA is construed using an unsophisticated consumer standard "designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." *Strand,* 380 F.3d at 317. With this standard in mind, and viewing the Complaint in a light most favorable to Baker, Allstate's references to a "matter pending in the State of Minnesota" state a claim under Section 1692d.

Although Baker lives in Minnesota, the Complaint evidences no "matter" here (other than this lawsuit). The collection activity at issue actually originates from Nevada, Allstate's location. The Court has no information regarding where the debt was actually incurred, even if that event could be considered a "matter pending" here. Additionally, the word "pending" suggests something ongoing here, which is also not evidenced in the current procedural posture. Finally, the phrase in its entirety could falsely suggest that legal action has already been taken against Baker. *See Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25-26 (2nd Cir. 1989) (reversing dismissal of Section 1692e claim where debt collector's use of phrase, "Pay This Amount Now If Action Is To Be Stopped," falsely suggested that legal action was imminent or already underway).

April's message to Baker is not susceptible to the same generous construction, even in the current procedural posture. Her message includes the following statements: "I'm calling from Allstate's corporate office and my call today is in reference to case number 3434109. If I could possibly speak with you in regards to this case by 5:30 pm Eastern today. This toll-free number is 1-866-548-1877. It is very urgent that you give us a call prior to 4:30 as this matter has

8

become time sensitive." Baker contends that April's use of the words "case," "urgent," and "time sensitive" falsely suggests that a lawuit has been filed against him.

The Court disagrees. Although April used the word "case," that word is not unique to the legal field. Similarly, the legal field does not have a lock on words conveying a sense of immediacy, such as "urgent" and "time sensitive."[6] Baker cites no case, and the Court finds none, where such generic words have been found to falsely imply legal action. Therefore, even viewed in a light most favorable to him, Baker's allegations regarding April's message do not state a claim under Section 1692d's general provision.

### D.  Section 1692e

#### 1.  Section 1692e and e(2) - False, Deceptive, and Misleading

Like the Section 1692d discussion above, Baker's Section 1692e claim centers on the argument that three of Allstate's voicemail messages contained false threats of legal action. He claims that these false threats violated both Section 1692e's general proscription of "false, deceptive, or misleading" representations and its specific prohibition in e(2) against false representations regarding the "character, amount, or legal status of any debt."

As above, Nate's and Mike's references to a "matter pending in the State of Minnesota," when viewed using the unsophisticated consumer standard and in a light most favorable to Baker, could be construed as falsely implying that legal action had already been taken. This states a claim under Section 1692e's plain language in this procedural posture. *Pipiles*, 886 F.2d at 25-26.[7]

---

[6] April's message differs from those left by Nate and Mike. Although Mike and Nate referred to a "matter," rather than a "case," they added the phrase "pending in the State of Minnesota," which could suggest that formal action has already occurred in a state venue of some sort.

[7] *Pipiles* was decided under Section 1692e(5) and (10) prohibiting "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken" and "[t]he use of false

As also discussed above, April's message does not falsely suggest legal action. Baker's Section 1692e and e(2) claims with respect to her message should, therefore, be dismissed.

### 2. Section 1692e(11) - Disclosure

Baker's Complaint alleges that each of Allstate's voicemails violated the disclosure provisions of Section 1692e(11). That Section states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: … (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector….

Voicemails are communications covered by this Section. *Hosseinzadeh*, 387 F. Supp. 2d at 1116 (noting FDCPA's broad definition of "communication," and its extension to information conveyed "directly or indirectly" through "any medium"); *Costa*, 2007 WL 4526510 at *5.

As discussed above, Allstate states that it sent a letter to Baker on January 10, 2007, prior to the voicemails underlying this lawsuit. *See* Aff. of Michael O'Connor (Second), Ex. A. (Doc. No. 12). Allstate contends that this was its initial communication with Baker, and that it contained the proper warnings and disclosures. Baker's counsel responds that Baker never received this letter.

As also discussed above, the Court cannot consider this letter on a motion to dismiss, as it outside the pleadings. Even if it did, a fact issue appears to exist on the current record regarding

---

representation or deceptive means to collect or attempt to collect any debt…." Baker does not cite these provisions, but brings his claim under Section 1692e generally, and 1692(e)(2)(A) specifically. The statutory provisions Baker cites, however, appear to similarly encompass the misconduct he alleges.

10

Baker's receipt of the letter. Thus, dismissal of Baker's Section 1692e(11) claim on the basis of this letter is unwarranted at this juncture.

Additionally, Baker states a claim for violation of Section 1692e(11)'s requirement regarding subsequent communications. In those communications, Allstate was required to inform Baker that it was a debt collector. This is not shown on the current record. Allstate is not, therefore, entitled to Rule 12(b)(6) dismissal of this claim.

### D.     Section 1692f

Allstate also seeks dismissal of Baker's claim under 15 U.S.C. § 1692f. That provision states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section….

The statute specifies eight types of prohibited conduct. The statute's language is clear, however, that "conduct that may be deemed 'unfair or unconscionable' is not limited to the acts enumerated in subsections (1) through (8)." *Bryant v. Bonded Account Service/Check Recovery, Inc.*, 208 F.R.D. 251, 258 (D. Minn. 2000). Baker alleges that each of the five voicemail messages violates Section 1692f's general prohibition against "unfair or unconscionable" conduct.

Allstate contends that Baker must allege conduct independent from that he alleges violates other FDCPA sections to state a Section 1692f claim. It argues that Baker has not done this, and that the Section 1692f claim should, therefore, be dismissed.

Cognizant that it could not anticipate every sharp practice used by debt collectors, Congress enacted Section 1692f to catch conduct not otherwise covered by the FDCPA. *See* S. REP. NO. 95-382, at 4 (Aug. 2, 1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1698 ("[T]his bill

11

prohibits in general terms any harassing, unfair, or deceptive collection practice. This will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed."). *See also Edwards v. McCormick*, 136 F. Supp. 2d 795, 806 (S.D. Ohio 2001) ("§ 1692f serves a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d & 1692e"); *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996) ("§ 1692f allows the court to sanction improper conduct that the FDCPA fails to address specifically").

Baker's claims are all premised on two basic types of alleged conduct: improper disclosures and false threats of legal action. Multiple specific FDCPA provisions address both these types of conduct. Section 1692f is, therefore, inapplicable, and the Court recommends that this claim be dismissed. *See Taylor v. Heath W. Williams, L.L.C.* 510 F. Supp. 2d 1206, 1217 (N.D. Ga. 2007) (dismissing Section 1692f claim where plaintiff failed to plead misconduct other than that asserted to violate other FDCPA provisions); *Foti v. NCO Financial Sys., Inc.*, 424 F. Supp. 2d 643, 668 (S.D.N.Y. 2006) (same); *Tsenes v. Trans-Cont'l Credit and Collection Corp*, 892 F. Supp. 461, 466 (E.D.N.Y 1995) (same). *See also Edwards*, 136 F. Supp. 2d at 806 (dismissing 1692f claim on summary judgment where same conduct violated another FDCPA provision); *Adams*, 926 F. Supp. at 528 (same). *But see Knoll*, 502 F. Supp. 2d at 946 (allowing Section 1692f claim based on same conduct as other FDCPA claims to proceed due to "expansive" nature of provision).[8]

---

[8] The Court recommends dismissal without prejudice to allow Baker to seek leave to amend his complaint to add any allegations showing an independent violation of Section 1692f. This would require him to plead conduct prohibited by Section 1692f that is not already addressed by other FDCPA sections. *See Foti*, 424 F. Supp. 2d at 667 n. 33; *Tsenes*, 892 F. Supp. at 466; *Taylor*, 510 F. Supp. 2d at 1217 n.5.

### III.  CONCLUSION

Baker states claims for disclosure violations under 15 U.S.C. §§ 1692d(6) and 1692e(11). He also states claims under 15 U.S.C. §§ 1692d, 1692e, and 1692e(2) for false threats of legal action.  Baker's 15 U.S.C. §§ 1692d, 1692e, and 1692e(2) claims with respect to April's message fail as a matter of law.  Baker's 15 U.S.C. § 1692f claim also fails as a matter of law, because it is not premised on conduct independent from that pled to support his other FDCPA claims.

### IV.  RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

A.  Allstate's motion to dismiss (Doc. No. 6) be **GRANTED IN PART AND DENIED IN PART** as set forth below.

   1.  Baker's claim under 15 U.S.C. § 1692f be **DISMISSED WITHOUT PREJUDICE**.

   2.  Baker's claims under 15 U.S.C. §§ 1692d's general provision, 1692e's general provision, and 1692e(2) be **DISMISSED WITH PREJUDICE** as to April's message.

   3.  Allstate's motion as to the remainder of Baker's claims be **DENIED**.


Dated:  April 29, 2008

              ____s/ *Jeanne J. Graham*_____
              JEANNE J. GRAHAM
              United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by May 9, 2008. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. The District Court shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties stipulate that the District Court is not required, under 28 U.S.C. § 636, to review a transcript of the hearing in order to resolve all objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.